IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

——————————————

Case No. 14-3030

——————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN M. HOHN,
Defendant-Appellant.

———————————————————————————————

On Appeal from the United States District Court
for the District of Kansas

The Honorable Carlos Murgia, U.S. District Judge
D.C. No 12-CR-20003-03

———————————————————————————————

BRIEF OF DEFENDANT-APPELLANT

ORAL ARGUMENT IS NOT REQUESTED

———————————————————————————————

Respectfully submitted,

JAMES R. CAMPBELL, KS Bar #14631
Coffman & Campbell, LLC
511 Neosho St.
Burlington, Kansas 66839
(620) 364-3094 (Phone)
(620) 364-2840 (Facsimile)
j.campbell@thecoffmanfirm.com

# TABLE OF CONTENTS

RULE 46.1.3 CERTIFICATION  ......................................................................iii

TABLE OF AUTHORITIES  ...................................................................... v

PRIOR OR RELATED APPEALS  ...................................................... 6

STATEMENT OF JURISDICTION  ...................................................... 7

ISSUES PRESENTED FOR REVIEW  .................................................. 8

STATEMENT OF THE CASE  ............................................................. 9

STATEMENT OF FACTS  .................................................................... 9

SUMMARY OF THE ARGUMENT  ................................................... 13

ARGUMENTS AND AUTHORITIES  ................................................. 14


STATEMENT REGARDING ORAL ARGUMENT  ......................................... 29

CERTIFICATE OF COMPLIANCE  ................................................. 30

CERTIFICATE OF SERVICE  .......................................................... 31

COPY OF JUDGMENT  ............................................................................

APPENDIX OF UNPUBLISHED CASES  .............................................................

UNITED STATES OF AMERICA,     )
           Plaintiff-Appellee,     )
                            )
vs.                          )     Case No. 14-3030
                            )
                            )
STEVEN M. HOHN           )
           Defendant-Appellant.     )
_____ )

## <u>RULE 46.1(D) CERTIFICATION</u>

Pursuant to Rule 46.1(D) of the Rules of Court, United States Court of Appeals for the Tenth Circuit, the undersigned certifies that the following parties or attorneys are now, or have been, interested in this litigation or any related proceedings. These representations are made to enable judges of the Court to evaluate the possible need for disqualification or recusal:

Honorable Carlos Murgia, United States District Court Judge

Debra Vermillion, Vermillion & Morrison, Trial Counsel for Defendant Michael Redifer

Jacquelyn E. Rokusek, Trial Counsel Defendant Baitey
_____, Trial Counsel for Defendant Jorge Reynoso
David A. Kelly, Trial Counsel for Defendant Quick
Thomas C. Cox, Trial Counsel for Defendant Rockers
Gary D. Stone, Trial Counsel for Defendant Zehring
Mark A. Thomason, Trial Counsel for Defendant Arney
Jeremy S. Weis, Trial Counsel for Defendant Moreland

Mark L. Bennett, Jr., Trial Counsel for Defendant Noble
Carl E. Cornwell, II, Trial Counsel for Defendant Randle
R. Bruce Kipps, Trial Counsel for Defendant Renft
Michael J. Accurso, Trial Counsel for Defendant Daniel Reynoso
James L. Spies, Trial Counsel for Defendant Daniel Marlin
Kevin E. J. Regan, Trial Counsel for Defendant Dustin Cook


Terra Morehead, Assistant United States Attorneys

Robert Baitey III
Jorge Reynoso
Michael Quick
Tracey Rockers
Rebecca L. Zehring
Keith Arney
Ronnie D. Moreland
Jordan R. Noble
Michael Redifer
Kerry Lee Randle
Gregory L. Renft
Daniel Reynoso
Daniel Marlin
Dustin Cook


                Respectfully submitted,

                /James R. Campbell/_____
                JAMES R. CAMPBELL, #14631
                Coffman & Campbell, LLC

# <u>TABLE OF AUTHORITIES</u>

## Cases

*United States v. Jones*, 132 S.Ct. 945 (2012) ....................................... 13,15,16

*United States v. Augustine*, 742 F.3d 1258, 1263 (10th Cir. 2014) ........ 14,20,22

*United States v. Katzin*, 732 F.3d 187 .................................................. 15, 16,17

*Leon v. United States*, 468 U.S. 897 (1984) ...................................................... 15

*Herring v. United States*, 555 U.S. 135, 139 (2009) ...................................... .15

*Davis v. United States*, ___ U.S. ___, 131 S.Ct. 2419, 2427-28 (2011) .... 15,16

*United States v. Ransfer*, 743 F.3d 766 (11th Cir. 2014) ............................... .16

*United States v. Fisher, 2014 WL 888522 (6th Cir.)* ...................................... 16

*United States v. Sparks, 711 F.3d 58, 66–67 (1st Cir. 2013)* .......................... 16

*United States v. Andres, 703 F.3d 828, 834–35 (5th Cir. 2013)* ..................... 16

*United States v. Pineda–Moreno, 688 F.3d 1087, 1090–91 (9th Cir. 2012)* .. 16

*Wong Sun v. United States*, 371 U.S. 471, 484 (1963) .................................... 17

*United States v.* Wells, 739 F.3d 511, 532 (10th Cir. 2014) ............................. 18

*United States v. Apperson*, 441 F.3d 1162, 1184 (10th Cir. 2006) .................. 20

*States v. Gottschalk*, 915 F.2d 1459, 1461 (10th Cir. 1990) ............................ 21

*United States v.* Roach, 582 F.3d 1192, 1200 (10th Cir. 2009) ....................23,24

*United States v. Mathis*, 357 F.3d 1200, 1206-07 (10th Cir. 2004) ................ 23

*United States v. Campbell*, 603 F.3d 1218, 1233 (10th Cir. 2010) .................. 23

*United States v. Serrata*, 425 F.3d 886, 900 (10th Cir. 2005) ..................... 25, 26

*United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) .................. 28

**Statutes**

Fed. R. App. P.4(b)(1) ...................................................................... iii

Fed. R. Evid. 401 ............................................................... 22, 24, 25

Fed. R. Evid. 403 ................................................................... 21, 25

Fed. R. Evid. 404(b) ................................................... 21, 22, 24, 25

_____

## **STATEMENT OF JURISDICTION**

Defendant (Appellant herein) appeals the conviction and final judgment disposing of the charges against him, entered by the United States District Court for the District of Kansas (trial court) on January 30, 2014.  The jury convicted Mr. Hohn of Conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a)(viii), unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(3) , and unlawful possession of a firearm with an overall length of 26 inches and a Barrel of Less than 18 Inches That Was not Registered in violation of 26 U.S.C. § 5841(d) (Vol. 1, doc 212).  The Court sentenced defendant on January 28, 2014, to a term of 360 months imprisonment on Count I, and to a concurrent term of 120 months on the other counts.   (Vol. 1, doc. 326).  Mr. Hohn timely filed his notice of appeal on February 10, 2014 (Vol. 1, doc. 327).  The trial court had original jurisdiction over offenses against the United States under 18 U.S.C. § 3231.  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 over the conviction and sentence imposed against Hohn.

## ISSUES PRESENTED FOR REVIEW

I.    **Did the District Court Err in Not Applying the Exclusionary Rule to Suppress Evidence Obtained Through the Placement of a GPS Device on Hohn's Truck?**

II.    **Did the District Court Err in Denying Hohn's Motion for a Mistrial After a Government Witness Violated an Order in Limine That No Reference Be Made of a Shooting in Kingdom City, Missouri?**

III.    **Did the District Court Err in Denying Hohn's Motion to Suppress Evidence Recovered From His 1997 Ford Truck in December 2011?**

IV.    **Did the District Court Err in Denying Hohn's Motion to Suppress Evidence Recovered From His 1997 Ford Truck in April 2012?**

V.    **Did the District Court Err in Allowing the Government to Use a Photo Composite of All Defendants Grouped Together?**

VI.    **Did the District Court Err in Denying Hohn's Request for Specific Jury Instructions?**

VII.    **Did the District Court Err in Finding Hohn's Offense Level Used to Determined His Guidelines Sentence Should Be Increased Two Levels for Imported Drugs.**

## STATEMENT OF THE CASE

Hohn was charged with conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846, three counts of possession of a weapon while an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2), and one count of possession of a weapon with an overall length of 26 inches and a barrel of less than 18 inches, in violation of 26 U.S.C. §

5841.  After a jury trial, Hohn was convicted on each of the charged offenses.  He was sentenced to a term of 360 months imprisonment on the drug conspiracy conviction, and given a concurrent 120 month sentence on the remaining counts. Hohn is currently serving his sentence.  This timely appeal follows.

## STATEMENT OF THE FACTS

The Johnson County Sheriff's Department received tips in February 2010 about suspicious activity involving illegal drugs at Hohn's address.  (Vol.  II, doc. 515, pg. 378)   Further investigation led law enforcement to install cameras at Hohn's address as well as the address of Robert Baitey and Rebecca Zehring in Desoto, Kansas.  (Vol. II, doc. 515, pg. 380)   Surveillance revealed the identities of numerous persons coming and going from the respective addresses.  (Vol. II, doc. 515, pg. 383)

The Government placed a GPS tracking device on Hohn's truck on July 24, 2011.  (Vol. II, doc. 515, pg. 413)  No warrant was obtained.  (Vol. II, doc. 511, pg. 44)  The device tracked Hohn's whereabouts for a period that lasted for over four months.    (Vol. II, doc. 515, pg. 413) Hohn's truck was tracked to the addresses of other persons suspected of drug activity.  (Vol. II, doc. 515, pg. 387) The Government used information derived from the GPS tracker to obtain a search

warrant at 809 S. Cedar in Olathe in December, 2011.  (Vol. II, doc. 515, pg. 442)  Although the trial judge found placement of the GPS device violated Hohn's constitutional rights, he declined to apply the exclusionary rule and suppress evidence derived from the search.  (Vol. II, doc. 511, pg. 67-68)

The Government also attached a GPS tracking device to Robert Baitey's truck.  (Vol. II, doc. 515, pg. 429) Through this device, the Government learned that on several occasions,  Baitey drove to Kansas City to obtain methamphetamine from Jorge Reynoso.  (Vol. II, doc. 516, pgs. 506, 518)   Upon his return, surveillance indicated activity around the house would increase.  (Vol. II, doc. 516, pg. 506)  On one occasion, Keith Randall, Michael Quick and Hohn converged upon Baitey's house in Desoto.  (Vol. II, doc. 516, pg. 508)   Baitey's wife, Rebecca Zehring, kept a ledger of Baitey's methamphetamine sales.  (Vol. II, doc. 518, pg. 896)

Baitey was arrested for possession of methamphetamine with intent to distribute on November 30, 2011.  (Vol. II, doc. 519, pg. 1150)  Shortly thereafter, the Government agents witnessed Hohn and Casey Cross dropping trash bags at an apartment complex in the Kansas City area.  (Vol. II, doc. 516, pg. 575)  A search of the trash revealed the presence of drugs, drug paraphanelia and ammunition.  (Vol. II, doc. 516, pg. 575)  The Government then obtained a search warrant for

809 Cedar in Olathe, which was the residence Hohn was staying at with his girlfriend, Jessica Newcome.  (Vol. II, doc. 516, pg. 586)  The search warrant was executed on December 23, 2011.  (Vol. II, doc. 516, pg. 586)  In the course of executing the search warrant, law enforcement searched Hohn's truck, which was parked in the driveway of the house.  (Vol. II, doc. 516, pg. 631)  Guns were recovered from Hohn's truck.  (Vol. II, doc. 516, pg. 631)

Hohn was arrested on January 27, 2012.  (Vol. I, doc. 18)  Three months later, the Government searched Hohn's truck again.  (Vol., II, doc. 512, pg. 32-33)  The truck was impounded in Miami County, then towed to Johnson County.  (Vol. II, doc. 512, pg. 56)  At that point the Government obtained a search warrant from a Johnson County district judge, and conducted a search.  (Vol. II, doc. 512, pg. 57)

On April 18, 2013, Hohn filed a motion in limine asking the court to exclude any evidence relating to an alleged incident that involved a shooting in Kingdom City, Missouri, motel. (Vol. 1, doc. 265)  Defendant Hohn was not present during the shooting.   (Vol. II, doc. 512, pg. 45-46)   Other persons charged in the conspiracy, namely Keith Arney, Robert Baitey, and Ronnie Moreland were involved.  (Vol. II, doc. 512, pgs. 46)  After an evidentiary hearing, the court entered an order in limine that no mention be made of the incident.  (Vol. II, doc.

512, pg. 139)   Despite the court's order, a government witness referred to the "Kingdom City shootout" during her direct examination.   Specifically, government witness Rebecca Zehring was asked:

Q:  Any relevance to those numbers?

A:  Umm, actually, yes, those are the names of the people that were involved in the shootout in Kingdom City.  (Vol. II, doc. 518, pg. 967)

After a defense objection, the trial court called the jurors into chambers and instructed them to disregard the testimony, and further stated that neither Hohn nor Redifer was mentioned in the exhibit referenced by the witness.  (Vol. II, doc. 518, pg. 988-89)   The trial court inquired whether the testimony would affect their ability to decide the case impartially.  (Vol. II, doc. 518, pg. 989)  Each of jurors stated it would not.

The jury convicted Hohn on each of the charged counts.  (Vol. II, doc. 525, 2197)  A Presentence Investigation report was prepared.  (Vol. III, doc. 442)  The report calculated a base offense level of 42.   In reaching this number, the report increased the offense level by 2 as the methamphetamine distributed by the defendant was imported.  (Vol. III, doc. 442, ¶ 92)   Hohn objected to this finding. (Vol. III, doc. 442, ¶ 218)   The district court held an evidentiary hearing at sentencing.  (Vol. doc. 526)  Deputy Williams testified that in his opinion, the

methamphetamine in this case was coming from Mexico. (Vol. II, doc. 526, pg. 43-45)

The district court adopted the findings of the Presentence Investigation and sentenced Hohn to 360 months imprisonment for the drug conspiracy, and a concurrent term of 120 months for each of the other charges. (Vol. II, doc. 526, pg. 80)

## SUMMARY OF THE ARGUMENT

Hohn's Fourth Amendment rights were violated by the Government's placement of a GPS tracker on his truck under the holding of *United States v. Jones*, 132 S.Ct. 945 (2012). The district court erred in failing to apply the exclusionary rule and suppress the evidence derived from this unlawful search.

The district court erred in failing to suppress the searches of Hohn's truck on December 22, 2011 and in April, 2012. In addition, the district court erred in refusing to declare a mistrial for a Government witness's violation of the court's in limine order concerning the "Kingdom City shootout," in allowing the Government to use a composite photograph of members of the alleged conspiracy as a demonstrative exhibit, and in refusing to give Hohn's requested instructions.

Finally, the district court erred in finding the drugs being distributed by Hohn

were imported drugs, thus mandating a two-level enhancement in Hohn's offense level.

## ARGUMENT

### I.     THE DISTRICT COURT ERRED IN FAILING TO SUPPRESS EVIDENCE DERIVED FROM A GPS TRACKER INSTALLED ON HOHN'S TRUCK.

#### A. The Exclusionary Rule Required Suppression of Evidence Derived From the GPS Search of Hohn's Truck.

#### Standard of Review

In reviewing the denial of a motion to suppress, the court views the evidence in the light most favorable to the government and upholds the district court's factual findings unless clearly erroneous.  *United States v. Augustine*, 742 F.3d 1258, 1263 (10th Cir. 2014).

#### Argument

The Government planted a GPS tracking device on Hohn's truck on July 24, 2011.  The device remained on Hohn's truck for nearly four months.  On January 23, 2012, the United States Supreme Court held the Government's placement of a GPS tracking device on a suspect's vehicle without a warrant is unconstitutional.  *United States v. Jones*,  ___ U.S. ___, 132 S.Ct. 945, 949

(2012).   In the wake of *Jones*, the proper remedy for the Government's violation of Hohn's constitutional rights is to apply the exclusionary rule and suppress the fruits of the unlawful search.

The Third Circuit's panel decision in *United States v. Katzin*, 732 F.3d 187 (3rd Cir. 2013), since vacated and scheduled for rehearing *en banc* on May 28, 2014, provides the proper analytical framework for this issue.  *Katzin* addressed the precise issue raised by Hohn, whether evidence unconstitutionally derived from a GPS tracker placed on the defendant's vehicle must be suppressed under the exclusionary rule.  As in this case, the government relied in *Katzin* on the good-faith exception to the exclusionary rule first articulated in *Leon v. United States*, 468 U.S. 897 (1984).

The exclusionary rule mandates that evidence obtained in violation of the Fourth Amendment should not be available at trial.  *Herring v. United States*, 555 U.S. 135, 139 (2009).  But the Supreme Court recognizes a "good faith" exception to the exclusionary rule in situations in which the police "acted with an objectively reasonable good-faith belief that their conduct was lawful." *Davis v. United States*, ___ U.S. ___, 131 S.Ct. 2419, 2427-28 (2011).  More specifically, the Supreme Court holds this exception covers situations where law enforcement personnel have acted in objectively reasonable reliance  on

15

binding appellate precedent that specifically authorizes the particular police practice. *Id*. at 2423-24. As the *Katzin* court noted, *Davis* hinges on the understanding that "responsible law-enforcement officers will take care to learn what is required of them under Fourth Amendment precedent and will conform their conduct to those rules." *Katzin*, 732 F.3d at 208. Further, the applicable body of "Fourth Amendment precedent" consists of those decisions that are binding on the officer's jurisdiction. *Id*.

The Tenth Circuit to date has not addressed whether the good-faith exception to the exclusionary rule applies to deny suppression of evidence derived from a GPS tracker installed without a warrant. Thus, no binding appellate precedent existed at the time of the search of Hohn's truck that would mandate application of the good-faith exception under the holding of *Davis*. In the wake of *United States v. Jones*, however, other circuits have held that the good-faith exception to the exclusionary rule applies and suppression is not warranted. *United States v. Ransfer*, 743 F.3d 766 (11th Cir. 2014); *United States v. Fisher*, 2014 WL 888522 (6th Cir.); *United States v. Sparks,* 711 F.3d 58, 66–67 (1st Cir. 2013); *United States v. Andres,* 703 F.3d 828, 834–35 (5th Cir. 2013); *United States v. Pineda–Moreno,* 688 F.3d 1087, 1090–91 (9th Cir. 2012).

The *Katzin* court examined this scenario, in which police rely on decisions from other circuits, even a majority, to support their use of the particular police practice in question. The court rejected this approach, noting that it was not the duty of the police, for exclusionary rule purposes, to parse the decisions of other circuits attempting to predict how the Supreme Court might decide the issue. The court held that the installation of the GPS device demanded application of the exclusionary rule and, more importantly, that suppression in the case before it would help deter future Fourth Amendment violations. *Id*. at 211.

Hohn submits that the approach espoused by the Third Circuit's panel decision in *Katzin* is the correct analytical approach to this issue. Under that approach, the exclusionary rule mandates suppression of all evidence derived from the GPS tracker attached to Hohn's vehicle. The police should not be placed in the position of predicting the outcome of pending Supreme Court cases. Instead, they should err on the side of seeking the approval of a neutral magistrate before engaging in a search. The burden on the Government in seeking a warrant is minimal. All evidence introduced against Hohn was derived in some manner from the GPS tracker, and must be suppressed under the fruit of the poisonous tree doctrine. *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

## II.     The District Court Erred in Failing to Order a Mistrial After a Government Witness Violated the Court's In Limine Order.

### Standard of Review

"A trial court may appropriately grant a mistrial only when a defendant's right to a fair and impartial trial has been impaired." *United States v.* Wells, 739 F.3d 511, 532 (10th Cir. 2014)(quotation omitted).   Whether to grant a mistrial under this standard is within the sound discretion of the district court. *Id.* at 533. The Tenth Circuit will reverse only if it has a "definite and firm conviction that the lower court has made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (quotation omitted).

### Argument

Hohn filed a motion prior to trial to exclude any mention of an incident involving a shooting at a motel in Kingdom City, Missouri.   In August, 2011, Robert Baitey sent Keith Arney and Ronnie Moreland to Kingdom City, Missouri, to rip off persons who intended to purchase methamphetamine.   Arney and Moreland were supposed to bring three or four ounces of methamphetamine with them, but in fact came empty-handed.   Baitey provided Arney with a weapon for the occasion.   In a surprise turnabout, the customers planned to steal the

methamphatemine from Arney and Moreland and came armed for that purpose. Gunfire erupted and Moreland was actually shot in the leg. Hohn was nowhere near the site and had nothing to do with the incident.

Hohn moved to suppress and argued vigorously in the district court that introduction of this evidence was highly prejudicial. The prejudice was akin to guilt by association. The district court agreed and entered an order excluding this incident from evidence.

The government's witness, Rebecca Zehring, violated the district court's order in her direct examination. She testified that certain names contained in a ledger were the same names as those persons involved in the shootout in Kingdom City. Hohn immediately objected. This testimony raised the very concern that prompted Hohn's original motion. Hohn did not want the Government to ring this bell. Rebecca Zehring rang the bell. It cannot now be unrung.

The damage created by Zehring's testimony was substantial and cannot be undone by telling the jury to ignore the evidence. The damage to Hohn is that he was identified by certain witnesses as being a member of a drug conspiracy. When the jury heard evidence that the conspiracy included a robbery and shooting other persons, it naturally associated Hohn with the activity, if not the specific incident. Hohn was nowhere near the scene in Kingdom City, Missouri. He had nothing to

do with the incident.  And even instructing the jury that Hohn was not involved did not remove the taint.  The evidence highlighted the violent nature and unsavory characters that comprised this criminal activity.  It reminded the jury that Hohn's acquaintances were less than honorable people.

In these circumstances, Hohn's right to a fair trial was infringed by the refusal to order a mistrial.


## III.   The District Court Erred in Failing to Suppress a Search of Hohn's Truck on December 23, 2011.

### Standard of Review

In reviewing the denial of a motion to suppress, the court views the evidence in the light most favorable to the government and upholds the district court's factual findings unless clearly erroneous.  *Augustine*, 742 F.3d at 1263.  The court reviews de novo the ultimate determination of reasonableness under the Fourth Amendment.  *United States v. Apperson*, 441 F.3d 1162, 1184 (10th Cir. 2006).


### Argument

The Government obtained a warrant to search the premises at 809 S. Cedar in Olathe on December 22, 2011.  The Government had known for some time that Hohn was not the owner of the premises.  Hohn's truck was located in the

20

driveway at the time of the search.  Hohn was separated from his wife Amanda and living with another woman, Jessica Newcome, at the time of the search.  On the authority of the warrant, the Government searched Hohn's truck and found several weapons, two cell phones, and other incriminating items.

A search warrant for certain premises generally includes vehicles located within its cartilage if the objects of the search might be located therein.  *United States v. Gottschalk*, 915 F.2d 1459, 1461 (10th Cir. 1990).  In *Gottschalk*, a DEA agent obtained a search warrant from a Utah magistrate to search William Bailey's residence for methamphetamine.  No mention was made of either Gottschalk or his vehicle.  For several weeks prior to the search, Gottschalk's yellow Cadillac automobile had been parked in the driveway of Bailey's residence in an inoperable state.  After searching the residence, the agents searched the Cadillac and seized weapons found therein.  Gottschalk moved to suppress the search.  The district court granted his motion.  The Tenth Circuit reversed.

The court rejected Gottschalk's argument that the scope of a "premises" search be limited to only those vehicles actually owned or controlled by the owner of the premises.  Instead, the court found the better rule "is to define the scope of the warrant to include those automobiles either actually owned or under the control and dominion of the premises owner or, alternatively, those vehicles which appear,

based on objectively reasonable indicia present at the time of the search, to be so controlled." *Id*.  Thus, where the officers act reasonably in assuming that the automobile is under the control of the premises owner, it is included in the warrant." *Id*.

Law enforcement knew that Hohn was not the owner of the residence located at 809 S. Cedar at the time of the search.  Further, his truck did not appear, based on objectively reasonable indicia at the time of the search, to be controlled by the owner of the premises.  Instead, the Government knew that Hohn controlled the truck.  Thus, the items recovered in the search of Hohn's truck lie outside the scope of the warrant.  The district court erred in failing to suppress these items from evidence.

## IV.    The District Court Erred in Failing to Suppress the Search of Hohn's Truck on April 19, 2012.

### <u>Standard of Review</u>

In reviewing the denial of a motion to suppress, the court views the evidence in the light most favorable to the government and upholds the district court's factual findings unless clearly erroneous.  *Augustine*, 742 F.3d at 1263.

## Argument

Law enforcement officers seized Hohn's legally parked truck on April 19, 2012, in Miami County, Kansas. Hohn had been in jail for nearly three months at the time. Law enforcement later towed the truck to Johnson County, and obtained a search warrant from the Johnson County District Court the following day.

The Government violated Hohn's Fourth Amendment rights in two ways. First, in order to issue a search warrant, a magistrate must determine that probable cause supporting a search exists. *United States v.* Roach, 582 F.3d 1192, 1200 (10th Cir. 2009). "Probable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched." *United States v. Mathis*, 357 F.3d 1200, 1206-07 (10th Cir. 2004). Whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity and nature of the property to be seized. *United States v. Campbell*, 603 F.3d 1218, 1233 (10th Cir. 2010).

The search warrant in question was based on stale information. The warrant sought evidence in connection with the death of Gregory Price. The death occurred over sixteen months earlier. Numerous persons had used Hohn's truck

during that time.  Hohn had been incarcerated for nearly three months at the time. Other persons had exclusive use of his truck during that interval.  Given the passage of time, probable cause had dissipated.  The search warrant was based on stale information and should have been suppressed.  *Cf. Roach*, 582 F.3d at 1201 (noting the passage of time can obviate probable cause).

Second, the search warrant was obtained from a Johnson County District Judge instead of a Miami County District Judge.  The truck was actually seized in Miami County.  The Government then towed it to Johnson County, where the application and issuance of the search warrant ensued.

The Government's actions promote judicial forum shopping by law enforcement.  Kansas law restricts execution of search warrants issued by district magistrate judges to the judicial district in which the judge lives or is assigned. K.S.A. 22-2503.  In this case, the actual seizure of the truck took place in Miami County.  The seizure should have been authorized by a Miami County District Judge.  The Government bypassed the judicial district in which the truck was seized and opted for a different judicial district.  Hohn's rights were violated by the Government's tactics.

24

## V.     The District Court Erred in Allowing the Government to Use a Composite Photograph of All Fifteen Defendants as a Demonstrative Exhibit.

### Standard of Review

The standard of review of the district court's evidentiary ruling is abuse of discretion.  *United States v. Serrata*, 425 F.3d 886, 900 (10th Cir. 2005).

### Argument

On the first day of testimony in this trial, the Government introduced a composite photograph of all fifteen persons alleged to have been a part of the charged conspiracy.  (Vol. 2, pg. 390-93)  Hohn's photograph was included in the composite.  The effect of the composite photograph was to imply the very fact that was at issue:  that a conspiracy involving the persons shown in the composite photograph existed.

Federal Rule of Evidence 403 gives the district court authority to exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice.  In this case, Hohn's identity was not in question.  He was seated at counsel table, as was the co-defendant, Michael Redifer.  The probative value of Hohn's picture itself was slight.  But the effect of having his photograph included alongside other persons who subsequently testified they were part of a conspiracy

created unfair prejudice.  The Government could not have been unaware of this impact.

The composite photograph planted the seeds of the conspiracy in the jury's mind before any evidence was adduced to show the conspiracy.  The district court should not have permitted the Government to obtain a head start by implying the critical fact before proving the critical fact.  The district court abused its discretion in permitting the Government to use the composite photo as a demonstrative exhibit.

**VI.    The District Court Erred in Refusing to Give Hohn's Requested Jury Instruction.**

### <u>Standard of Review</u>

The standard of review of a district court's refusal to give a particular instruction is abuse of discretion.  *Serrata*, 425 F.3d at 898.  In doing so, the court "consider[s] the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law."  *Id*.  (quotation omitted).

### <u>Argument</u>

At the conclusion of the evidence, Hohn joined co-defendant Michael Redifer in requesting the following instruction:

> To render evidence of the acts or declarations of an
> alleged conspirator admissible against an alleged co-
> conspirator, the existence of the conspiracy must be
> shown and the connection of the latter therewith
> established by independent evidence.  The existence of
> the conspiracy cannot be established against an alleged
> conspirator by evidence of acts or declarations of his
> alleged co-conspirators, done or made in his absence.
> Evidence which creates a mere suspicion of guilt is not
> enough. Guilt may not be inferred from mere association.

The district court acknowledged that Hohn's proposed instruction was drawn from Tenth Circuit case law.  But the court declined to give the proposed instruction, stating that the Tenth Circuit pattern instructions given by the court adequately apprised the jury on the law of conspiracy.  (Vol. 11, pg. 2117)

The particular circumstances of this case required the district court to supplement the pattern instruction.  Hohn spent significant time in the company of persons engaged in the use and sale of methamphetamine.  To guard against the possibility that the jury might wrongfully convict him on the basis of his frequent association with persons engaged in criminal activity, the additional requested instruction was necessary.  The district court erred in refusing to give Hohn's requested instruction.

## VII.   The District Court Erred in Specifically Finding that Hohn's Offense Level Should Be Increased Two Levels for Imported Drugs.

### Standard of Review

The standard of review for a challenge to a district court's sentencing decision for reasonableness is abuse of discretion.  *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

### Argument

The persons from whom Hohn allegedly acquired his methamphetamine were Robert Baitey and Michael Quick.  The Government offered no evidence that the methamphetamine distributed by Hohn actually came from Mexico.   Instead, the case agent merely testified that the methamphetamine was consistent with methamphetamine known to be manufactured in Mexico.

Hohn asserts that the district court's findings rest largely on the racial characteristics of the persons who supplied Baitey and Quick.  The Government presented testimony that Baitey's source of supply was  Daniel Reynoso and his brother, Jorge.    (Vol. II, doc. 526, pg. p. 41)   Quick's source was the Marquez brothers.  (Vol. II, doc. 526, p. 44)   With respect to the Marquez brothers, the Government presented testimony that they were Mexican nationals who spoke very little English.  (Vol. II, doc. 526, p. 44)  The Government also presented testimony

that the Reynoso brothers were Hispanic, and Jorge Reynoso was currently a fugitive in Mexico. (Vol. doc. 526, p. 41)

The Government's evidence amounts to speculation as to the source of supply. A higher threshold of proof should be required before the Government can place the label "imported drugs" on the drugs in question. The mere statement that methamphetamine of higher purity usually comes from super labs in Mexico is insufficient to support a two level enhancement. The district court abused its discretion in making a two level enhancement based on the finding that the drugs at issue were imported from Mexico.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Hohn does not request oral argument in this case.

Respectfully submitted,

/James R. Campbell/_____
JAMES R. CAMPBELL, Sup. Ct. No. 14631
Coffman & Campbell, LLC
511 Neosho Street
Burlington, KS 66839
(620) 364-3094
(620) 364-2840 (Facsimile)
j.campbell@thecoffmanfirm.com

# <u>CERTIFICATE OF COMPLIANCE</u>

Section 1.    Word Count

As required by Fed.R.App.P. 32(a)(7)(C), I certify that this brief is proportionally spaced and contains 5570 words.  Complete one of the following:

☐    I relied on my word processor to obtain the count and it is Microsoft Office Word 365.

☐    I counted five characters per word, counting all characters including citations and numerals.

Section 2.    Line Count

My brief was prepared in a monospaced typeface and contains 711 lines of text.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

<u>/James R. Campbell/</u>_____
James R. Campbell

## CERTIFICATE OF SERVICE

I hereby certify that an original and 7 copies of the above Brief of the Appellant was duly mailed for overnight delivery this 2rd day of June, 2014, and was forwarded via email, to:

> Ms. Elisabeth Schumaker
> Clerk of Court
> Tenth Circuit Court of Appeals
> 1823 Stout Street
> The Byron White U.S. Courthouse
> Denver, CO 80257
> esubmission@ca10.uscourts.gov

with 2 copies and forwarded via email to:

> Terra Morehead
> Assistant United States Attorney
> 360 Robert J. Dole U.S. Courthouse
> 500 State Avenue
> Kansas City, Kansas 66101
> Terra.morehead@usdoj.gov

and one copy mailed to:

> Steven Hohn -- Federal No. 21695031
> FCI Pollock
> 1000 Airbase Road
> Pollock, LA 71467

/James R. Campbell/_____
James Campbell

31