

# Coffman & Campbell, LLC

511 Neosho St.
Burlington, KS  66839
620 364-3094
Fax:  620 364-2840
James R. Campbell

**Harry T. Coffman**
**(1910-1995)**

**Delton M. Gilliland**
**(1940-2010)**

**Michael J. Coffman**

**James R. Campbell**

**Shannon D. Rush**

June 12, 2014

Ms. Elisabeth Schumaker
Clerk of Court
Tenth Circuit Court of Appeals
1823 Stout Street
The Byron White U.S. Courthouse
Denver, CO 80257
esubmission@ca10.uscourts.gov


RE:   United States of America v. Steven M. Hohn, Case No. 14-3030
      Errata Sheet

Dear Ms. Shumaker:

Enclosed please find the Judgment from which Mr. Hohn is appealing.

Second, there are no prior or related appeals in this matter.

Sincerely,



James R. Campbell
Coffman & Campbell, LLC

Enclosure

**Other Location:**

511 Neosho St.
Burlington, KS  66839
Phone: (620) 364-3094
Fax:  (620) 364-2840

C:   Terra Morehead
     Assistant United States Attorney
     360 Robert J. Dole U.S. Courthouse
     500 State Avenue
     Kansas City, Kansas 66101
     terra.morehead@usdoj.gov

     Steven Hohn

# United States District Court
## District of Kansas

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| Steven M Hohn | Case Number: 2:12CR20003 - 003 |
| | USM Number: 21695-031 |
| | Defendant's Attorney: James R. Campbell |

**THE DEFENDANT:**

☐    pleaded guilty to count(s): ___.

☐    pleaded nolo contendere to count(s) ___ which was accepted by the court.

☒    was found guilty on count(s) <u>1, 13, 14, 15, and 16 of the Second Superseding Indictment</u> after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See Next Page | | | |

    The defendant is sentenced as provided in pages 1 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s) ___.

☒    Count(s) <u>1, 13 and 14 of the Superseding Indictment</u> are dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

01/28/2014
Date of Imposition of Judgment

s/ Carlos Murguia
Signature of Judge

Honorable Carlos Murguia, U.S. District Judge
Name & Title of Judge

1/30/2014
Date

DEFENDANT: Steven M Hohn
CASE NUMBER: 2:12CR20003 - 003

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A) | CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE | 11/30/2011 | 1 |
| 18 U.S.C. § 922(g)(3) | POSSESSION OF FIREARM BY USER OF CONTROLLED SUBSTANCE | 12/12/2011 | 13 |
| 18 U.S.C. § 922(g)(3) | POSSESSION OF FIREARM BY USER OF CONTROLLED SUBSTANCE | 12/23/2011 | 14 |
| 18 U.S.C. § 922(g)(3) | POSSESSION OF FIREARM BY USER OF CONTROLLED SUBSTANCE | 11/30/2011 | 15 |
| 26 U.S.C. § 5861(d) | POSSESSION OF AN UNREGISTERED SHORT BARRELED SHOTGUN | 11/30/2011 | 16 |

AO 245B      (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
　　　　　　　Sheet 2 - Imprisonment

Judgment – Page **3** of **8**

DEFENDANT:         Steven M Hohn
CASE NUMBER:    2:12CR20003 - 003

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>360 months</u>.

　　Count 1:  360 months.
　　Counts 13, 14, 15 and 16:  120 months, each count, said terms to run concurrently with Count 1 and each other.

☐　　The Court makes the following recommendations to the Bureau of Prisons:

☒　　The defendant is remanded to the custody of the United States Marshal.

☐　　The defendant shall surrender to the United States Marshal for this district.

　　　　☐ at ___ on ___.

　　　　☐ as notified by the United States Marshal.

☐　　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　　　☐ before ___ on ___.

　　　　☐ as notified by the United States Marshal.

　　　　☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　By  _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy U.S. Marshal

Case 2:12-cr-20003-CM   Document 477   Filed 01/30/14   Page 4 of 8
AO 245B   (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
        Sheet 4 - Supervised Release
Appellate Case: 14-3030   Document: 01019264964   Date Filed: 06/02/2014   Page: 5

Judgment – Page **4** of **8**

DEFENDANT: Steven M Hohn
CASE NUMBER: 2:12CR20003 - 003

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>5 years</u>.

Count 1:  5 years.
Counts 13, 14, 15 and 16:  3 years, each count, said terms to run concurrently with Count 1 and each other.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check if applicable)*

☒   The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check if applicable)*

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

☐   The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence.  Registration shall occur not later than 3 business days after being sentenced, if the defendant is not sentenced to a term of imprisonment.  The defendant shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information required.  *(Check if applicable)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check if applicable)*

If this judgment imposes a fine or restitution, it is to be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or the probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11 - D/KS 08/12) Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment – Page **5** of **8**

DEFENDANT: Steven M Hohn
CASE NUMBER: 2:12CR20003 - 003

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall successfully participate in an approved program for substance abuse, which may include urine, breath, or sweat patch testing, outpatient and/or residential treatment, and share in the costs, based on the ability to pay. The defendant shall abstain from the use of alcohol and other intoxicants during said treatment program as directed by the Probation Office.

2. The defendant shall submit his/her person, house, residence, vehicle(s), papers, business or place of employment and any property under the defendant's control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon.

4. The defendant shall participate in an approved program for mental health treatment, which may include psychological counseling and prescribed medication. The defendant shall share in the costs, based on the ability to pay, at the direction of the U.S. Probation Officer.

Case 2:12-cr-20003-CM   Document 477   Filed 01/30/14   Page 6 of 8

AO 245B    (Rev. 09/11 - D/KS 08/12) Judgment in a Criminal Case
           Sheet 5 - Criminal Monetary Penalties
Appellate Case: 14-3080    Document: 01019264964    Date Filed: 06/02/2014    Page: 7

Judgment – Page **6** of **8**

DEFENDANT:         Steven M Hohn
CASE NUMBER:    2:12CR20003 - 003

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the Schedule of Payments set forth in this Judgment.

|           | Assessment | Fine | Restitution |
|-----------|------------|------|-------------|
| Totals:   | $500       | 0    | Not applicable |

☐   The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Totals:       | $           | $                   |                        |

☐   Restitution amount ordered pursuant to plea agreement $___ .

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options set forth in this Judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 2:12-cr-20003-CM Document 477 Filed 01/30/14 Page 7 of 8
AO 245B (Rev. 09/11 - D/KS 08/12) Judgment in a Criminal Case
Appellate Case: 14-3030    Document: 01019264964    Date Filed: 06/02/2014    Page: 8
Sheet 6 - Schedule of Payments
Judgment – Page **7** of **8**

DEFENDANT: Steven M Hohn
CASE NUMBER: 2:12CR20003 - 003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $___ due immediately, balance due
    ☐ not later than ___, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C ☐ Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period of ___ years to commence ___ days after the date of this judgment; or

D ☐ Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of ___ years, to commence ___ days after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 259, 500 State Avenue, Kansas City, Kansas 66101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount Joint and Several Amount and corresponding payee, if appropriate.

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States. Payments against any money judgment ordered as part of a forfeiture order should be made payable to the United States of America, c/o United States Attorney, Attn: Asset Forfeiture Unit, 1200 Epic Center, 301 N. Main, Wichita, Kansas 67202.

The defendant shall forfeit to the United States all ammunition and 13 firearms listed in the preliminary order of forfeiture which was granted by this Court on October 30, 2013.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 2:12-cr-20003-CM   Document 477   Filed 01/30/14   Page 8 of 8
AO 245B     (Rev. 09/11 - D/KS 08/12)  Judgment in a Criminal Case
Appellate Case: 14-3030     Document: 01019264964     Date Filed: 06/02/2014     Page: 9
Sheet 6 – Schedule of Payments

Judgment – Page **8** of **8**

DEFENDANT:      Steven M Hohn
CASE NUMBER:   2:12CR20003 - 003

   a) .45 caliber Essex Arms Corp. pistol, serial number 58307;
   b) A 12 gauge Sears, Roebuck & Co., shotgun, Model 200, serial number P177639;
   c) A .45 caliber Hi-Point pistol, Model JHP, serial number X4180870;
   d) A 9mm Smith & Wesson pistol, Model 59, serial number A249291;
   e) A .22 caliber Hy-Hunter Firearms revolver, Model Frontier Six-Shooter, serial number 18962;
   f) A .22 caliber Armi Jager rifle, Model AR15;
   g) A 9mm Springfield pistol, Model XD9, serial number US834162;
   h) A .22 caliber Ruger rifle, Model 10/22, serial number 353-30851;
   i) A .410 gauge Savage Shotgun, Model 220A;
   j) A .22 caliber Mossberg rifle, Model 42M-C;
   k) A 20 gauge Savage shotgun, Springfield Model 67F;
   l) A 9mm Ruger pistol, Model P95, serial number 316-90294;
   m) A 9mm Ruger pistol, Model P95, serial number 316-90294; and
   n) Ammunition

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.