# THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES,** | * | |
| Appellee, | * | |
| v. | * | No. 14-3030 |
| **STEVEN M. HOHN,** | * | |
| Appellant. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# MOTION FOR LEAVE TO FILE AMICUS BRIEF LATER THAN NORMAL DEADLINE OF PROPOSED AMICI CURIAE AMERICAN CIVIL LIBERTIES UNION FOUNDATION AND AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

## Corporate Disclosure Statement

Proposed Amici Curiae the American Civil Liberties Union Foundation and the American Civil Liberties Union Foundation of Kansas are both non-profit entities that do not have parent corporations. No publicly held corporation owns ten percent or more of any stake or stock in the American Civil Liberties Union Foundation or the American Civil Liberties Union Foundation of Kansas.

<u>*/s/ Stephen Douglas Bonney*</u>

Stephen Douglas Bonney

## Statement About Proposed Amici

The ACLU is a nationwide nonpartisan organization of nearly 500,000 members, dedicated to protecting the fundamental liberties and basic civil rights guaranteed by state and federal Constitutions. The ACLU of Kansas, a state affiliate of the national ACLU, is devoted to advocacy on behalf of members and supporters. The ACLU and the ACLU of Kansas are well-positioned to submit an *amicus* brief in this case. They have long been committed to defending individuals' Fourth Amendment rights and have been at the forefront of numerous state and federal cases addressing the right of privacy.

# MOTION FOR LEAVE TO FILE AMICUS BRIEF LATER THAN NORMAL DEADLINE OF PROPOSED AMICI CURIAE AMERICAN CIVIL LIBERTIES UNION FOUNDATION AND AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF KANSAS

Proposed Amici Curiae American Civil Liberties Union Foundation ("ACLU") and American Civil Liberties Union Foundation of Kansas ("ACLU of Kansas"), by and through undersigned counsel, file this motion pursuant to Federal Rule of Appellate Procedure 29(e) for leave to file an amicus brief later than the normal deadline. The grounds for this motion are as follows:

1.      The ACLU and the ACLU of Kansas (collectively, "proposed amici") seek to file an amicus brief in support of Appellant Steven Hohn in the above-captioned case.[1] Mr. Hohn filed his brief with this Court on June 2, 2014. After the Clerk of the Court notified him about deficiencies in the filing, he submitted an errata sheet on June 16, 2014. Pursuant to Federal Rule of Appellate Procedure 29(e), an amicus brief in support of Appellant would normally have been due seven days later, on June 23, 2014.

2.      As explained below, there is good cause to grant proposed amici leave to file an amicus brief later than the normal filing deadline. *See* Fed. R. App. 29(e) ("A court may grant leave for later filing . . . ."). Proposed amici did not learn of this case, and could not reasonably have learned of this case, until June 20, 2014—

---

[1] Additional organizational amici may join proposed amici's amicus brief when filed with this Court.

three days before the normal filing deadline for an amicus brief. Because briefing is still ongoing and a brief from proposed amici would aid the Court in deciding this appeal, the Court should permit proposed amici to file an amicus brief with a deadline of 11 days from the filing of this motion.

3.     This appeal involves, in part, the question whether the government's warrantless attachment of a GPS device to Appellant's vehicle, and monitoring of that device for over four months, violated the Fourth Amendment. Over the last two and half years, the ACLU has filed amicus briefs with federal appellate courts arguing that the warrantless installation and monitoring of a GPS devices violates the Fourth Amendment. *See* Brief of American Civil Liberties Union et al. as Amici Curiae, *United States v. Jones*, 132 S. Ct. 945, 565 U.S. ---- (2012); Brief of American Civil Liberties et al. as Amici Curiae, *United States v. Robinson*, No. 13-3253 (8th Cir. Feb. 19, 2014); Brief of Amici Curiae American Civil Liberties Union Foundation et al., *United States v. Katzin*, 732 F.3d 187 (3d Cir. 2013), *vac'd and en banc reh'g granted*, No. 12-2548, 2013 WL 7033666 (Dec. 12, 2013).  In some of these cases, the ACLU has also argued that the good faith exception articulated in *Davis v. United States*, 131 S. Ct. 2419 (2011), should not apply. Brief of American Civil Liberties et al. as Amici Curiae, *Robinson*; Brief of Amici Curiae American Civil Liberties Union Foundation et al., *Katzin*. Most recently, in *Katzin*, the ACLU argued the applicability of the good faith exception

to warrantless GPS monitoring before the en banc Third Circuit. *See* Appellees' Corrected Supplemental En Banc Brief, *United States v. Katzin*, No. 12-2548 (3d Cir. Apr. 17, 2014). Proposed amici seek to file an amicus brief making similar arguments in this case.

4. In aid of its effort to file amicus briefs in location tracking cases arising out of the Supreme Court's decision in *United States v. Jones*, the ACLU has been monitoring cases in which criminal defendants have sought to suppress evidence acquired through the warrantless installation and monitoring of GPS devices. The ACLU has conducted this monitoring using daily Westlaw alerts and other means that report written judicial opinions granting or denying motions to suppress.

5. In this case, the district court did not enter a written opinion denying Appellant's Motion to Suppress Evidence from Global Positioning System (GPS) Device (ECF No. 153). Rather, the court denied the motion to suppress on the record at the conclusion of the suppression hearing and noted that denial in a minute order. *See* Minute Entry (ECF No. 181); Suppression Hr'g Tr. 68 (ECF No. 511). Therefore, no opinion regarding or referencing the district court's denial of the motion to suppress evidence from the GPS device appears on Westlaw or is otherwise discoverable via an electronic keyword search.

6. Proposed amici learned of this case on June 20, 2014, when counsel for the ACLU, Nathan Freed Wessler, received and reviewed a Westlaw alert that included a citation and link to Appellant's brief to this Court. Proposed amici are filing this motion as soon as practicable after reading Appellant's brief, learning that this case involves an appeal of the district court's denial of Appellant's motion to suppress evidence from a GPS device, and reviewing transcripts and other materials from the district court.

7. Briefing in this case is still ongoing, and the response brief for Appellee United States is not due until July 16, 2014. Granting this motion will not prejudice the parties or cause delay.

8. An amicus brief from proposed amici will aid the Court's consideration of this case by providing additional legal argument on both the constitutionality of the government's warrantless GPS surveillance under the Fourth Amendment and the applicability of the good faith exception to the exclusionary rule.

9. Counsel for Appellant Steven Hohn consents to this motion.

10. Counsel for Appellee United States opposes this motion.

**WHEREFORE,** proposed amici respectfully request leave to file an amicus brief by July 8, 2014.

Dated: June 27, 2014

Respectfully Submitted,

*/s/ Stephen Douglas Bonney*
Stephen Douglas Bonney, KS Bar #12322
ACLU Foundation of Kansas
3601 Main Street
Kansas City, MO 64111
Tel.: (816) 994-3113
Fax: (816) 756-0136
dbonney@aclukansas.org

Nathan Freed Wessler
Brian Hauss
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
Fax: (212) 549-2654
nwessler@aclu.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 27th day of June, 2014, the foregoing Motion for Leave to File an Amicus Brief Later than the Normal Deadline of American Civil Liberties Union Foundation and American Civil Liberties Union Foundation of Kansas was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Stephen Douglas Bonney*
Stephen Douglas Bonney